AERO SUPPLY MFG. CO. INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7132.   Promulgated January 3, 1947.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Rollin H. Transue, Esq.*, for the respondent.

12

OPINION.

MURDOCK, *Judge*: The Vinson Act, as amended and applicable hereto, prohibits the Secretary of the Navy from making any contract for the construction of aircraft unless the contractor agrees to certain things. He must agree to pay to the Treasury all profit in excess of 12 per cent of the total contract price of contracts completed within the income taxable year. The contractor must agree:

To make no subdivisions of any contract or subcontract for the same article or articles for the purpose of evading the provisions of this Act, but any subdivision of any contract or subcontract involving an amount in excess of $10,000 shall be subject to the conditions herein prescribed.

The contractor must further agree to make no subcontracts unless the subcontractor agrees to the various conditions imposed upon the contractor. The law contains the following provision: "The contract or subcontracts referred to herein are limited to those where the award exceeds $10,000."

The Commissioner of Internal Revenue prescribed regulations under the Vinson Act. T. D. 4906, 1939-2 C. B. 404. Section 17.1 (e) of his regulations is as follows:

(e) *"Subcontract"* means an agreement entered into by one person with another person for the construction or manufacture of a complete naval vessel or aircraft or any portion thereof, the prime contract for such vessel or aircraft or portion thereof having been entered into between a contractor and the Secretary of the Navy or his duly authorized representative.

Section 17.3 is in part as follows:

* * * If a contracting party places orders with another party, aggregating an amount in excess of $10,000, for articles or materials which constitute a part of the cost of performing the contract or subcontract, the placing of such orders shall constitute a subcontract within the scope of the Act, unless it is clearly shown that each of the orders involving $10,000 or less is a bona fide separate and

distinct subcontract and not a subdivision made for the purpose of evading the provisions of the Act.

It is provided both in the law and in the regulations that the limitation on profits prescribed in the law is not to apply to separate contracts involving less than $10,000. Each order which the petitioner received from Grumman and Curtiss was for materials to cost the purchaser less than $10,000. The respondent does not contend that these orders were deliberately subdivided for the purpose of evading the provisions of the Vinson Act, and the evidence shows clearly that neither the purchaser nor the petitioner had any such purpose in mind. Grumman and Curtiss from time to time placed small separate orders with the petitioner for materials and the petitioner filled each of those orders separately. Each order resulted in a separate contract between the petitioner and one of the prime contractors. Fully justifiable business purposes prompted both Grumman and Curtiss in placing all of these relatively small orders with the petitioner separately rather than as a single order.

The respondent contends that all of the separate orders given by each of the prime contractors and designated as being under a certain prime contract should be considered as one contract in determining whether the petitioner is subject to the profit limitations of the Vinson Act. However, he is not able to advance any sound reason why that should be done and his contention is directly contrary to his regulation. The evidence fairly establishes that there was no overall or blanket agreement or understanding of any kind between the petitioner on the one hand and Grumman or Curtiss on the other, relating to the materials which the petitioner eventually furnished to those purchasers under their prime contracts. The petitioner was not committed in any way to supply the prime contractors with materials and the prime contractors were not committed in any way to purchase materials from the petitioner except as they agreed in the 192 separate contracts involved herein. Their entire dealings were simply on a day to day basis. If the contractor wanted something, it ordered it, and the petitioner filled the order. There was no connection whatsoever between the separate orders except the circumstance that each prime contractor placed all of its orders as incidents of carrying out its one prime contract. The statute itself and particularly the regulations of the Commissioner recognize that there may be separate subcontracts between the same prime contractor and the same subcontractor under any given prime contract. The present is a case clearly recognized by the regulations as one in which the profit limitations of the Vinson Act do not apply.

*Decision will be entered for the petitioner.*